UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STATE NATIONAL INSURANCE
COMPANY,

Plaintiff,

v.

CARLOS DIAS, et al.

Defendants.

No.  2:25-cv-00418-DAD-CSK

ORDER GRANTING PROPOSED
INTERVENOR DEFENDANT ZENITH
INSURANCE COMPANY'S MOTION TO
INTERVENE

(Doc. No. 21)

This matter is before the court on proposed intervenor defendant Zenith Insurance Company's ("proposed intervenor Zenith") motion to intervene pursuant to Federal Rule of Civil Procedure 24.  (Doc. No. 21.)  For the reasons discussed below, the court will grant the proposed intervenor Zenith's motion.

**BACKGROUND**

On January 31, 2025, plaintiff filed this action seeking declaratory relief as to the scope of coverage under an insurance policy issued by plaintiff as well as recoupment of monies already paid on uncovered claims.  (Doc. No. 1.)  In that complaint, plaintiff alleges as follows.  Plaintiff issued an insurance policy to defendant Tourismo Express, Inc. ("defendant Tourismo") with policy number NXTPQ4QHVH-02-GL ("the Subject Policy").  (*Id.* at ¶ 7.)  A single-vehicle accident occurred on March 22, 2024.  (*Id.* at ¶ 9.)  A man named Sanchez Del Valle was driving

1

the Volkswagen charter van involved in this accident and was driving the van transporting farm employees to do agricultural work at Duncan Farms in Oregon. (*Id.* at ¶¶ 9, 13.) Plaintiff seeks declaratory relief that it does not owe coverage with respect to the accident under the Subject Policy. (*Id.* at ¶ 21.)

In its motion for leave to intervene, proposed intervenor Zenith represents that it is the workers' compensation insurer for a business known as Duncan Family Farms, Inc. (Doc. No. 21-2 at 2.) In support of its motion, proposed intervenor Zenith provides the declaration of its counsel, Michael Honeymar, Jr., who declares that the passengers injured in the March 22, 2024 accident have filed workers' compensation claims covered by a policy issued by proposed intervenor Zenith. (Doc. No. 21-3 at ¶¶ 1, 5–6.) Proposed intervenor Zenith represents it has paid over $1,000,000 to date in total benefits and expects to pay millions of dollars more in benefits in the future in connection with those claims. (*Id.* at ¶¶ 6, 11.) Proposed intervenor Zenith has filed a negligence action in the San Diego County Superior Court against defendant Tourismo to recover the amount it has paid and will pay on workers' compensation claims stemming from this incident. (*Id.* at ¶ 7.) Accordingly, proposed intervenor Zenith seeks to intervene in this action because, should the court grant plaintiff the relief it seeks, defendant Tourismo would not have insurance coverage in connection with the March 22, 2024 accident and may be unable to satisfy a judgment. (Doc. No. 21-2 at 5.)

On October 3, 2025, proposed intervenor Zenith filed the pending motion to intervene. (Doc. No. 21.) In that motion, it offers that all represented parties to this action have agreed to not oppose the pending motion (Doc. No. 21-2 at 2) and, to date, no oppositions have been filed.

### LEGAL STANDARD

An individual or corporation or the government may "become a 'party' to a lawsuit by intervening in the action." *U.S. ex rel. Eisenstein v. City of New York, N.Y.*, 556 U.S. 928, 933 (2009). Intervention in federal court, either as of right or permissive, is governed by Federal Rule of Civil Procedure 24. *Nat'l Ass'n for Advancement of Colored People v. N.Y.*, 413 U.S. 345, 365 (1973). Rule 24 provides in relevant part as follows:

/////

2

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention. . . . On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24. To determine whether a party may intervene as a matter of right, the Ninth Circuit uses the following four-part test: "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).

Permissive intervention under Rule 24(b) "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *see also Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).

## DISCUSSION

Here, proposed intervenor Zenith argues it is entitled to intervene both as a matter of right and through permissive intervention. (Doc. No. 21-2 at 3–8.) The court does not consider

/////

/////

/////

/////

/////

3

whether proposed intervenor Zenith can intervene as a matter of right because it concludes that it should be allowed to do so on the basis of permissive intervention.[1]

First, proposed intervenor Zenith has demonstrated an independent basis for jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy in this case exceeds $75,000 as noted above and proposed intervenor Zenith is incorporated and headquartered in California whereas plaintiff is headquartered and incorporated in Texas.  28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different states."); (*see also* Doc. Nos. 1 at ¶ 3 (invoking diversity jurisdiction because plaintiff is headquartered and incorporated in Texas which no defendants are a citizen of and the amount in controversy exceeds $75,000); 21-3 at ¶ 3 ("Zenith is both incorporated in and has its principal place of business in California[.]").  Second, although the pending motion was filed approximately eight months after the filing of the original complaint, it was nonetheless filed before discovery was completed or any substantive motions were filed in this case.  *See Johnson v. Rush Enters., Inc.*, No. 1:19-cv-00105-NONE-SAB, 2020 WL 8839868, at *3 (E.D. Cal. June 3, 2020) (finding that a motion to intervene filed 10 months after litigation began was timely because discovery was still in early stages and the court had not ruled on a substantive motion) (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)).  Finally, common questions of fact are presented between this action and proposed intervenor Zenith's state court negligence action.  This is because plaintiff asserts that the insurance policy does not cover defendants' tort claims because defendant Tourismo was transporting employees

---

[1] The court does observe that proposed intervenor Zenith's basis for intervention as a matter of right is that it may be unable to collect on a future state court judgment if defendant Tourismo receives an adverse ruling in this action.  (Doc. No. 21-2 at 5.)  "This is not a legally protectable interest; it states only that there will be less money available from which Proposed Intervenors can recover if the Judgment entered in favor of [the insurance company plaintiff] stands." *Burlington N. Ins. Co. v. Affordable Hous. Alternatives*, No. 14-cv-00733-AB-PLA, 2014 WL 12607673, at *2 (C.D. Cal. Sept. 3, 2014); *but see James River Ins. Co. v. Gear*, No. 20-cv-01052-PHX-DGC, 2020 WL 5768306, at *1–2 (D. Ariz. Sept. 28, 2020) (finding that the intervenors had a protectable interest in the outcome of a declaratory relief action regarding whether an insurance policy covered the intervenors' tort claims).

4

for agricultural work rather than their stated business of providing travel tour guide experiences. (Doc. No. 1 at ¶ 13.)  The determination of whether Mr. Del Valle was transporting agricultural workers may impact the determination of whether Mr. Del Valle was acting within the scope of his employment with defendant Tourismo.  *See Prime Ins. Co. v. Tourismo Express, Inc.*, No. 2:25-cv-02492-DAD-CSK, 2026 WL 699231, at *2 (E.D. Cal. Mar. 12, 2026) (finding that the question of whether the alleged driver of the van was acting as an employee of the defendant Tourismo Express was a common question of fact between the underlying state negligence action and the declaratory relief action regarding scope of insurance coverage).  Accordingly, this question of fact is shared between this action and proposed intervenor Zenith's underlying state negligence action.

### CONCLUSION

For the reasons above,

1.     Proposed intervenor Zenith's motion to intervene (Doc. No. 21) is GRANTED; and

2.     Proposed intervenor Zenith is DIRECTED to file its answer, attached to the pending motion as a proposed answer (Doc. No. 21-1), within seven (7) days of the date of entry of this order.

IT IS SO ORDERED.

Dated:    **April 15, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE