UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STATE NATIONAL INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>      v.<br><br>CARLOS DIAS et al.,<br><br>           Defendants. | No.  2:25-cv-00418-DAD-CSK<br><br><br>ORDER GRANTING THE PARTIES' REQUEST TO STAY THIS ACTION<br><br>(Doc. No. 35) |

On June 16, 2026, the parties filed a joint stipulation to stay this action pending the resolution of an action pending in the San Francisco County Superior Court, *Orozco Gonzalez, et al. v. Seso, Inc., et al.*, Case No. CGC-24-617952 (the "*Orozco Gonzalez* Action"). (Doc. No. 35 at 2.)  The parties state that they believe the *Orozco Gonzalez* Action "potentially requires resolution of foundational questions of fact that could directly bear on" this action and a related action pending before this court, *Prime Ins. Co. v. Tourismo Express, Inc., et al.*, No. 2:24-cv-02492-DAD-CSK (the "*Prime* Action"). (*Id.*)  The parties further state that they "have reviewed the Prime Action Stay Order and agree that the Court's reasoning would likely apply with equal force to" this action. (*Id.*)  The parties represent that a stay of this action, "including all active and future discovery," conserves judicial resources, promotes comity, dispenses unnecessary motion practice, and serves the interests of justice. (*Id.*)

1

Although the parties state that they believe the reasoning in this court's order granting a stay in the *Prime* Action likely applies with equal force here, the court's reasoning in that order applied the standard set forth in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). (*See* 2:24-cv-02492-DAD-CSK, Doc. No. 50 at 10–17.) *Brillhart* applies "when an action seeks *only* declaratory relief." *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012) (emphasis added). Here, plaintiff also brings a cause of action for recoupment of costs expended in several underlying state court cases, including the *Orozco Gonzalez* Action (Doc. No. 1 at ¶¶ 6, 22–25), which "is independent of the request for declaratory relief." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1114 (9th Cir. 2001). Instead, here the court concludes that the standard set forth in *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) applies to the instant request to stay this action. *United Specialty Ins. Co. v. Meridian Mgmt. Grp., Inc.*, No. 15-cv-01039-HSG, 2016 WL 1534885, at *1–2 (N.D. Cal. Apr. 15, 2016) (applying *Landis* in action brought by insurer against insurer for declaratory relief and reimbursement); *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-cv-05345-LHK, 2019 WL 570760, at *4 (N.D. Cal. Feb. 12, 2019) (applying *Landis* in action brought by insurer against insured involving claims for declaratory relief, reimbursement, and unjust enrichment).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis.*, 299 U.S. at 254; *accord Stone v. INS*, 514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis*, 299 U.S. at 254); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of

2

justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Ernest Bock, LLC*, 76 F.4th at 842. A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

The court concludes that the possible damage or hardship which may result from the granting of a stay here is minimal in light of the parties' stipulation. Furthermore, in light of the parties' concession that the *Orozco Gonzalez* Action may resolve "foundational questions of fact that could directly bear on this action," the court concludes that "the orderly course of justice," *CMAX*, 300 F.2d at 268, and considerations of "economy of time and effort for [the court], for counsel, and for litigants," *Landis*, 299 U.S. at 254, weigh strongly in favor of the granting of a stay in this action as requested by the parties.

Accordingly, the parties' joint request to stay this action (Doc. No. 35) is granted. All pending dates and deadlines are vacated, to be reset at a later date if the court deems it necessary after a final resolution is reached in the *Orozco Gonzalez* Action. The parties shall file a joint status report within 90 days from the date of entry of this order, and every 90 days thereafter, informing this court as to the status of the related proceedings in the *Orozco Gonzalez* Action. In addition, the parties shall file a notice informing this court that a final judgment has been entered in the *Orozco Gonzalez* Action within fourteen (14) days of entry of that judgment by the state court.

IT IS SO ORDERED.

Dated:  **June 18, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3